# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| RACHAN DAMIDI REDDY, | )<br>) |
| Petitioner, | ) Civil Action No.<br>) |
| v. | )<br>) |
| RASHID A. BUTTAR, | )<br>) |
| Respondent. | )<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRAL AWARD

Petitioner, Rachan Damidi Reddy, by and through his attorneys, the McIntosh Law Firm, respectfully submits this Memorandum of Points and Authorities in support of its Petition to Confirm Foreign Arbitral Award against the Respondent, Rashid A. Buttar.

## I. INTRODUCTION

Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), Petitioner is entitled to an order and judgment confirming a foreign arbitral award it obtained against Respondent. The Singapore International Arbitration Centre ("SIAC") arbitrated a dispute between the Parties, pursuant to an express contractual provision calling for that manner of dispute resolution between the Parties. This duly constituted arbitral tribunal rendered its decision on April 10, 2015, awarding Petitioner the cumulative total of the following amounts: $1,550,000.00 as repayment of monies previously paid from Petitioner to Respondent, plus interest at the rate of 5.33 percent per annum from the date of commencement of the Arbitration to the date of the Award; $381,479.34 in legal fees and disbursements; $26,550.68 in expert witness fees; $7,231.96 in other miscellaneous expenses,

and costs of the arbitration totaling $79,439.80 (the "Award"). To date, Respondent has failed to pay any part of the Award. An order and judgment should be promptly entered to permit Petitioner to enforce its Award in the United States, where Respondent owns several residences and assets that will be subject to levy to satisfy the Award and concomitant Judgment.

## II. FACTUAL BACKGROUND

### A. Agreement to Arbitrate

On June 21, 2010, the Parties entered into a Share Sale and Purchase Agreement related to the shares of certain entities, as defined in the Agreement. A properly authenticated copy of the Agreement is being filed contemporaneously with this Petition via the Court's ECF system. The original of the authenticated Agreement remains in counsel's possession, to be handled in any manner the Court may instruct.

Paragraph 8(b) of the Share Sale and Purchase Agreement expressly states that "[a]ny dispute arising out of or in connection with this contract … shall be referred and finally resolved by arbitration in Singapore in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC Rules") ….."

### B. Arbitration Award

When disputes arose between the Parties with respect to the subject entities, the Parties arbitrated those disputes before SIAC, as required by the Share Sale and Purchase Agreement. On April 10, 2015, SIAC handed down its Final Award. It found in favor Petitioner. In doing so, SIAC found that Respondent blatantly misrepresented the status of title of particular property and accepted money from Petitioner that was to be part of an equity investment without delivering the promised shares. See Award ¶¶ 49-53; 58-63.

In relevant part, SIAC awarded as follows: "The Respondent is ordered to repay in full to [Petitioner] the monies previously paid to [Respondent] by the [Petitioner] amounting to US $1,550,000.00." See Award ¶ 64(b). The award was to bear interest at the rate of 5.33 percent per annum from the date of commencement of the Arbitration to the date of the Award. See Award ¶ 64(c). SIAC further awarded Petitioner $381,479.34 in legal fees and disbursements, $26,550.68 in expert witness fees, $7,231.96 in other miscellaneous expenses, and costs of the arbitration totaling $79,439.80. A properly authenticated copy of the Award is being filed contemporaneously with this Petition via the Court's ECF system. The original of the authenticated Award remains in counsel's possession, to be handled in any manner the Court may instruct.

### C. Respondent's Failure to Pay the Award

To date, Respondent has paid nothing toward the Award.

## III. ARGUMENT

The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997). The review of arbitration awards is extremely limited. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 506 (2001); *Kurke v. Oscar Gruss and Son, Inc.*, 454 F.3d 350, 354 (D.C. Cir. 2006). Under the New York Convention, this Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." The Award should be confirmed because (i) this Court has subject matter jurisdiction over this action and personal jurisdiction over Moldova; and (ii) Federal Arbitration Act requires confirmation of an award issued under the New York Convention.

### B. The New York Convention Compels Recognition, Confirmation and Enforcement of the Final Award

The United States is a signatory to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"), and the enacting legislation is codified at 9 U.S.C. §201 *et seq*. The New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. §201, Article I, §1. The arbitral award rendered in this matter was made in Singapore and therefore is not a domestic award in the State of New York. Singapore, too, is a signatory to the New York Convention. See http://www.newyorkconvention.org/countries (Singapore a signatory since August 24, 1986). Accordingly, the arbitral award is subject to recognition and enforcement under the New York Convention.

This application is timely. 9 U.S.C. §207 provides that recognition and enforcement of foreign arbitral awards must be made within three years. The award in this matter was rendered on April 10, 2015, which is well within the three-year time bar under the statute. The Award is final and is not subject to further review.

The New York Convention requires the party seeking recognition and enforcement of a foreign arbitral award to provide the following:

(a) the duly authenticated original award or a duly certified copy thereof; and

(b) the original agreement to arbitrate or a duly certified copy thereof.

9 U.S.C. §201, Article IV, §1. Petitioner has submitted these materials to the Court along with the Petition. Upon submission of these documents, Petitioner respectfully submits that the Court *must* recognize and enforce the foreign arbitral award as a domestic judgement. 9 U.S.C. §201, Article III.

Pursuant to the New York Convention, recognition and enforcement may be refused *only if* the party against whom recognition and enforcement is invoked furnishes proof that one (or more) of the few exceptions enumerated in Article V of the Convention applies. 9 U.S.C. §201, Article V. It is respectfully submitted that no such proof exists or will be submitted by the Respondent in this matter.

In light of the foregoing, Petitioner respectfully submits that the award is subject to recognition and enforcement pursuant to the New York Convention and should now be recognized and confirmed as a judgment of this Court.

IV. **CONCLUSION**

For the forgoing reasons, Petitioner respectfully requests that the Court enter an Order confirming, recognizing, and allowing Petitioner to enforce the Final Award in the same manner as a judgment of this Court. Specifically, Petitioner requests a judgment in the cumulative total of the following amounts, all of which are taken directly from the Final Award: $1,550,000.00 as repayment of monies previously paid from Petitioner to Respondent, plus interest at the rate of 5.33 percent per annum from the date of commencement of the Arbitration to the date of the Award; $381,479.34 in legal fees and disbursements; $26,550.68 in expert witness fees; $7,231.96 in other miscellaneous expenses, and costs of the arbitration totaling $79,439.80. Petitioner further requests that the Court award all further relief that the Court deems just and proper.

This the 5th day of April, 2018.

                              THE McINTOSH LAW FIRM, P.C.

                              s/Joel M. Bondurant, Jr.
                              JOEL M. BONDURANT, JR.
                              Attorney for Plaintiff, NC Bar No. 29621
                              P.O. Box 2270
                              Davidson, NC 28036-2270
                              Phone (704) 892-1699 Fax (704) 892-8664
                              joel@mcintoshlawfirm.com