UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00172-FDW-DSC

| RACHAN DAMIDI REDDY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| RASHID A. BUTTAR, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Petition (Doc. No. 8), Plaintiff's Motion for Leave to Amend (Doc. No. 15), and Plaintiff's Conditional Motion to Continue and Grant Jurisdictional Discovery (Doc. No. 16).

## I. PROCEDURAL BACKGROUND

Plaintiff Rachan Damidi Reddy filed this action to confirm a foreign arbitral award pursuant to the Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") on April 6, 2018. (Doc. No. 1). Defendant Rashid A. Buttar moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (3) on July 18, 2018. (Doc. No. 8). After responding to the motion to dismiss, Plaintiff moved to amend the complaint and moved for jurisdictional discovery. (Doc. Nos. 13, 15, 16).

## II. ANALYSIS

A. Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal when a federal court lacks jurisdiction over the subject matter of the lawsuit. Subject matter jurisdiction exists when the complaint raises a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Lack of

subject matter jurisdiction may be raised at any time either by a litigant or by the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d 695, 698 (E.D.Va. 2011) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).

Upon consideration of a Rule 12(b)(1) motion challenging the factual basis of subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted). Applying the "standard applicable to a motion for summary judgment," the court considers whether "the nonmoving party [has] set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citations omitted). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citations omitted). In contrast, a facial challenge to subject matter jurisdiction—a failure to plead facts upon which subject matter jurisdiction can be based—is consider like a 12(b)(6) motion. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (citations omitted). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.

Here, Defendant contends the "Court lacks subject matter jurisdiction in that the Petition fails to conform to the requirements of the New York Convention." (Doc. No. 9 at 8). Defendant admits Plaintiff "has alleged a prima facie case" but argues it "does not in fact exist, as the only agreement provided to both this Court and the underlying Tribunal are not executed by [Plaintiff]."

2

(Doc. No. 9 at 9).  Here, Plaintiff has plead and argues that this Court "has jurisdiction over the subject matter of this action pursuant to 9 U.S.C. § 203, 28 U.S.C. §§ 1330 & 1331, and 28 U.S.C. § 1602 et seq."  (Doc. No. 1; see also Doc. No. 13).  Plaintiff pled and attached a Share Sale and Purchase Agreement signed by Defendant and containing a provision requiring disputes to "be referred and finally resolved by arbitration on Singapore in accordance with the Arbitration Rules of Singapore International Arbitration Center . . . ."  (Doc. No. 1 at 2; Doc. No. 1-2 at 16).  Plaintiff also pled and attached the authenticated award of the Singapore International Arbitration Center.  (Doc. No. 1 at 2-3; Doc. No. 1-1).

Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Supreme Court summarized the history relevant to district court's jurisdiction pursuant to 9 U.S.C. § 203 in Scherk v. Alberto-Culver Co., 417 U.S. 506 (1974).

> On June 10, 1958, a special conference of the United Nations Economic and Social Council adopted the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. In 1970 the United States acceded to the treaty, (1970) 3 U.S.T. 2517, T.I.A.S. No. 6997, and Congress passed Chapter 2 of the United States Arbitration Act, 9 U.S.C. s 201 et seq., in order to implement the Convention. Section 1 of the new chapter, 9 U.S.C. s 201, provides unequivocally that the Convention 'shall be enforced in United States courts in accordance with this chapter.'
>
> The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries. See Convention on the Recognition and Enforcement of Foreign Arbitral Awards, S. Exec. Doc. E, 90th Cong., 2d Sess. (1968): Quigley, Accession by the United States to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 70 Yale L.J. 1049 (1961).

Scherk, 417 U.S. at 520 n. 15; see also ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 380-82 (4th Cir. 2012).  Section 201 of the Arbitration Act expressly states "[t]he Convention on the

Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter[,]" 9 U.S.C. § 201, and addresses district court's jurisdiction in 9 U.S.C. § 203.

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

Defendant contends this Court lacks jurisdiction because Plaintiff has not filed an agreement to arbitrate signed by Plaintiff. (Doc. No. 9 at 9). Article IV of the New York Convention states:

> 1. To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition and enforcement shall, at the time of the application, supply:
> (a) The duly authenticated original award or a duly certified copy thereof;
> (b) The original agreement referred to in article II or a duly certified copy thereof.

Defendant maintains that the lack of the original or copy of the agreement to arbitrate executed by Plaintiff deprives this Court of subject matter jurisdiction and cites 9 U.S.C. § 201. (Doc. No. 9 at 9). Section 201, however, only states the "Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter." Section 202 states "[a]n arbitration agreement or *arbitral award* arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, *falls* under the Convention." 9 U.S.C. § 202 (emphasis added). Then, section 203 confers jurisdiction to district courts for "an action or proceeding *falling* under the Convention[.]" 9 U.S.C. § 203 (emphasis added). Although the Fourth Circuit has not addressed whether the agreement is necessary for purposes of subject

4

matter jurisdiction, the Second Circuit addressed this argument in <u>Sarhank Group v. Oracle Corp.</u>, 404 F.3d 657 (2d 2005). The Second Circuit stated:

> Oracle argues that the district court lacked subject matter jurisdiction in the absence of a signed written arbitration agreement between Sarhank and itself, and because the district court failed to determine independently whether Oracle had consented to arbitration. Oracle's argument depends entirely upon its view of the merits of the case, and therefore does not involve a lack of subject matter jurisdiction, although cases confusing these issues are frequently found in the reports. Clearly, by statute, <u>see</u> 9 U.S.C. § 203, district courts have subject matter jurisdiction over cases brought to enforce arbitration awards issued under the Convention. When a party challenges the court's subject matter jurisdiction based upon the merits of the case, that party is merely arguing that the adversary has failed to state a claim. The court has and must assume subject matter jurisdiction and hear the merits of the case. <u>Steel Co. v. Citizens for a Better Envir.</u>, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); <u>Bell v. Hood</u>, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Where, as here, the Petition seeks relief under the Constitution or the laws of the United States, the federal courts have subject matter jurisdiction under 28 U.S.C. § 1331[.]

<u>Id.</u> at 660.

Based on the Court's review of the applicable statutes, the Court agrees with the Second Circuit's holding and denies Defendant's motion to dismiss under Rule 12(b)(1).[1] Here, Plaintiff seeks "recognition and enforcement of a foreign arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.A. 6997, 330 U.N.T.S. 3 (the "New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201 *et seq.*" (Doc. No. 1 at 1). Plaintiff has plead facts supporting jurisdiction pursuant to 9 U.S.C. § 201 *et seq*. and attached Plaintiff's foreign arbitration award as an exhibit to the Complaint (Doc. No. 1-1). Plaintiff also filed an agreement containing the arbitration provision with Defendant's signature with the Complaint (Doc. No. 1-2) and an agreement containing the arbitration provision signed by both parties with Plaintiff's response

---

[1] The Fourth Circuit in other cases has similarly held "[a] district court should assume jurisdiction and assess the merits of the claim when the relevant facts—for jurisdictional and merits purposes—are inextricably intertwined." <u>Kerns</u>, 585 F.3d at 195 (citations omitted).

(Doc. No. 13-1), Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768-69 (holding that the court may consider matters outside the pleadings for a Rule 12(b)(1) motion). The alleged insufficiencies of these agreements as raised by Defendant do not preclude this Court's subject matter jurisdiction. Accordingly, Defendant's Rule 12(b)(1) motion is denied.[2]

B. Rule 12(b)(2)

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence[.]" New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." Combs, 886 F.2d at 676 (citation omitted). Further, "limited discovery may be warranted to explore jurisdictional facts in some cases[.]" Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993). However, "[w]hen a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro Ar, S.A., 773 F.3d 553, 558 (4th Cir. 2014) (citation omitted).

To exercise personal jurisdiction over the defendant, personal jurisdiction "must be authorized by the long-arm statute of the forum state" and "comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Directors of First Church of Christ, Scientist v.

---

[2] Defendant has not argued, and the Court cannot find, "the jurisdictional allegations . . . 'clearly . . . immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'" Kern, 585 F.3d at 193 (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (citations omitted). As interpreted by the North Carolina Supreme Court, North Carolina's long-arm statute "permits the exercise of personal jurisdiction over a defendant to the outer limits allowable under federal due process." Universal Leather, 773 F.3d at 558 (citing N.C. Gen. Stat. § 1-75.4(1)(d); Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630 (N.C. 1977)). Thus, instead of a two-prong test, courts sitting in North Carolina only consider "whether [plaintiff] has made a prima facie showing that [defendants] had sufficient contacts with North Carolina to satisfy constitutional due process." Universal Leather, 773 F.3d at 559 (citations omitted); see also Cambridge Homes of N.C., L.P. v. Hyundai Constr., Inc., 670 S.E.2d 290, 295 (N.C. Ct. App. 2008).

A court may exercise general jurisdiction or specific jurisdiction over a defendant. Daimler AG v. Bauman, 571 U.S. 117, 126-27 (2014). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." Bristol-Myers Squibb Comp. v. Superior Court of Cal., San Francisco Cnty., 137 S.Ct. 1773, 1780 (2017) (citations omitted). The "paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). In contrast, for a court to have specific jurisdiction, "'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" Bristol-Myers, 137 S.Ct. at 1789 (alterations in original) (quoting Daimler, 571 U.S. at 127).

Plaintiff argues the Court has both general and specific jurisdiction but has also moved for jurisdictional discovery. The Court upon review of the current record concludes that limited discovery is warranted to explore jurisdictional facts. See Mylan Labs., Inc., 2 F.3d at 64. This is an action to confirm a foreign arbitral award pursuant New York Convention. See 9 U.S.C. § 207. Thus, the Court cannot defer resolving this matter until trial, and Plaintiff must ultimately prove

7

to this Court the existence of personal jurisdiction over Defendant by a preponderance of the evidence. New Wellington Fin. Corp., 416 F.3d at 294. Accordingly, the Court defers ruling on Defendant's 12(b)(2) and 12(b)(3) motions and *sua sponte* orders jurisdictional discovery for 90 days.

## III. CONCLUSION

IT IS THEREFORE ORDERED:

1. Defendant Rashid A. Buttar's "Motion to Dismiss Petition" (Doc. No. 8) is DENIED IN PART and DEFERRED IN PART. The parties shall have 90 days from the entry of this order to complete jurisdictional discovery. Defendant Buttar shall have 14 days from the close of discovery to file a brief in support of his Motion. Plaintiff shall have 14 days from the filing of Defendant's brief to file a response. Defendant shall have seven days from the filing of Plaintiff's response to file a reply. A copy of all exhibits upon which a party relies in support of or in opposition to a motion shall be included as an "Appendix" or "Attachment" thereto and filed with the Court. If an evidentiary hearing is necessary, the Court will hold an evidentiary hearing during the February 4, 2019 term. The parties are put on notice that they should be prepared for such hearing on a date to be determined from February 4, 2019 until February 15, 2019. The parties are further put on notice that the Court will not consider the parties' original briefs in support of or in opposition to Defendant's Motion to Dismiss. Both parties failed to abide by the requirements set forth in the Court's Initial Scheduling Order. Neither party filed a certificate by the attorney, subject to Rule 11, that the submission complies with the word limitations.

2. Plaintiff's Conditional Motion to Continue and Grant Jurisdictional Discovery (Doc. No. 16) is DENIED as moot. Plaintiff's request is mooted in part or in whole by this Court's rulings in this Order. Further, except to the extent the Court finds jurisdictional discovery

necessary on this record, Plaintiff has failed to show good cause for a continuance.  Plaintiff further failed to comply with the Rules of Practice and Procedure of the United States District Court of the Western District of North Carolina.  Local Rule 7.1(b) requires civil motions to "show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel."  "A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied."  LCvR 7.1(b).

    3. Plaintiff's Motion for Leave to Amend (Doc. No. 15) is DENIED without prejudice as moot.  Plaintiff's request to amend "to remove the possibility of any challenges based on the arguments and issues raised in Respondent's Motion to Dismiss" is mooted in part or in whole by this Court's rulings in this Order.  Plaintiff also failed to comply with Local Rule 7.1(b).  Plaintiff is further put on notice that any subsequent motion to amend shall be accompanied by a proposed amended complaint and shall comply with Local Rule 7.1(b).

    IT IS SO ORDERED.

Signed: August 16, 2018

Frank D. Whitney
Chief United States District Judge