# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **RACHAN DAMIDI REDDY** | ) |
| *Petitioner*, | ) Civil Action No. 3:18-cv-00172 |
| v. | ) |
| **RASHID A. BUTTAR,** | ) |
| *Respondent*. | ) |

## SUGGESTION OF MOOTNESS OF RESPONDENT'S MOTION TO DISMISS

### Introduction

After evading service for months and being generally uncooperative in the process that is this lawsuit, Respondent finally appeared and filed a Motion to Dismiss the Petition, arguing that he had moved out of State (and indeed out of the country) and that the Court therefore lacked personal jurisdiction over him. The parties briefed the Motion and the Court held a hearing. The Motion has since been under consideration by this Court. The purpose of this Suggestion is to advise the Court of material developments that Petitioner submits moot the arguments Respondent raised regarding personal jurisdiction (and, in fact, hopefully warrant severe sanctions against Respondent). As will be demonstrated by forthcoming affidavit to be filed in the next few days, Petitioner was recently able, by engaging a private investigator and conducting surveillance of the Mooresville medical facility that Respondent has an ongoing relationship with, to effect personal service of the Petition on Respondent while he was physically present in this State and District on the premises of that medical facility. Under the relevant authorities on due process and personal jurisdiction (*e.g. Burnham, infra*), there can be no question now that this Court may exercise personal jurisdiction over Respondent and that his Motion to Dismiss is moot. Out of an abundance of caution, Petitioner proceeded with the filing of this Suggestion before the referenced affidavit is completely ready for filing with the Court so that the Court would not work on the Motion unnecessarily in the interim and could wait until it has all relevant information before it.

### Discussion

In addressing the scope of a court's ability to exercise personal jurisdiction over a non-resident defendant in a manner consistent with the strictures of Due Process when that non-resident defendant is served with process while physically present in the forum, the late Justice Scalia, writing for the Court in *Burnham v. Superior Court of Cal.*, 495 U.S. 604 (1990), said:

> Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State. The view developed early that each State had the

Page **1** of **3**

power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit. That view had antecedents in English common-law practice, which sometimes allowed "transitory" actions, arising out of events outside the country, to be maintained against seemingly nonresident defendants who were present in England. Justice Story believed the principle, which he traced to Roman origins, to be firmly grounded in English tradition: "[B]y the common law[,] personal actions, being transitory, may be brought in any place, where the party defendant may be found," for "every nation may . . . rightfully exercise jurisdiction over all persons within its domains." … *Picquet v. Swan*, *supra*, at 611-612 (Story, J.) ("Where a party is within a territory, he may justly be subjected to its process, and bound personally by the judgment pronounced, on such process, against him").

*Id.* at 610-11 (most internal citations omitted).

As will be established by the forthcoming affidavit, that is precisely what happened here. Thus, there is no merit to Respondent's challenge to this Court exercising personal jurisdiction over him. Respondent's Motion to Dismiss is moot and this Court should proceed to the merits of the underlying Petition and award Petitioner the relief requested therein.

This the 1st day of May, 2019.

           THE McINTOSH LAW FIRM, P.C.

           s/Joel M. Bondurant, Jr.
           JOEL M. BONDURANT, JR.
           Attorney for Petitioner, NC Bar No. 29621
           P.O. Box 2270
           Davidson, NC 28036-2270
           Phone (704) 892-1699 Fax (704) 892-8664
           joel@mcintoshlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on the date specified below, I electronically filed the attached Suggestion with the Clerk of Court using the CM/ECF System, and that said Suggestion shall therefore be electronically served via NEF through the Court's system:

Stacy B. Cordes
Attorney for Respondent
122 Cherokee Road, Suite 1
Charlotte North Carolina 28207

This the 1st day of February, 2019

                                                                s/Joel M. Bondurant, Jr._____