UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| **RACHAN DAMIDI REDDY** ) | | |
| ) | | |
| *Petitioner*, ) | Civil Action No. 3:18-cv-00172 | |
| ) | | |
| v. ) | | |
| ) | | |
| **RASHID A. BUTTAR,** ) | | |
| ) | | |
| *Respondent*. ) | | |
| _____) | | |

## MOTION TO HAVE RESPONDENT'S MOTION TO DISMISS DECLARED MOOT

After evading service for months and being generally uncooperative in the process that is this lawsuit, Respondent finally appeared and filed a Motion to Dismiss the Petition, arguing that he had moved out of State (and indeed out of the country) and that the Court therefore lacked personal jurisdiction over him. The parties briefed the Motion and the Court held a hearing. The Motion has since been under consideration by this Court. Petitioner previously advised the Court of material developments that moot the arguments Respondent raised regarding personal jurisdiction. (Doc. 46). Specifically, as demonstrated by the Affidavit of Service recently filed (Doc. 47), Petitioner was recently able, by engaging a private investigator and conducting surveillance of the Mooresville medical facility that Respondent has an ongoing relationship with, to effect personal service of the Petition on Respondent while he was physically present in this State and District on the premises of that medical facility. Under the relevant authorities on due process and personal jurisdiction (*e.g. Burnham, infra*), there can be no question now that this Court may exercise personal jurisdiction over Respondent and that his Motion to Dismiss is moot. Petitioner respectfully requests that the Court enter an Order to that effect and allow this matter to proceed.

## Discussion

In addressing the scope of a court's ability to exercise personal jurisdiction over a nonresident defendant in a manner consistent with the strictures of Due Process when that non-resident defendant is served with process while physically present in the forum, the late Justice Scalia, writing for the Court in *Burnham v. Superior Court of Cal.*, 495 U.S. 604 (1990), said:

> Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State. The view developed early that each State had the power to hale before its courts any individual who could be found within its borders, and that once having acquired jurisdiction over such a person by properly serving him with process, the State could retain jurisdiction to enter judgment against him, no matter how fleeting his visit. That view had antecedents in English common-law practice, which sometimes allowed "transitory" actions, arising out of events outside the country, to be maintained against seemingly nonresident defendants who were present in England. Justice Story believed the principle, which he traced to Roman origins, to be firmly grounded in English tradition: "[B]y the common law[,] personal actions, being transitory, may be brought in any place, where the party defendant may be found," for "every nation may . . . rightfully exercise jurisdiction over all persons within its domains." … Picquet v. Swan, supra, at 611- 612 (Story, J.) ("Where a party is within a territory, he may justly be subjected to its process, and bound personally by the judgment pronounced, on such process, against him").

*Id.* at 610-11 (most internal citations omitted).

The recently filed Affidavit of Service (Doc. 47) establishes that that is precisely what has now happened in this matter. Petitioner was able to effect personal service on Respondent while Respondent was physically present in this State and District visiting the medical clinic with which Respondent has an ongoing relationship. Thus, there can now be no merit to Respondent's challenge to this Court exercising personal jurisdiction over him. Respondent's Motion to Dismiss is moot and this Court should proceed to the merits of the underlying Petition and award Petitioner the relief requested therein.

Page **2** of **3**

Case 3:18-cv-00172-FDW-DSC   Document 48   Filed 05/09/19   Page 2 of 3

This the 9th day of May, 2019.

                                            THE McINTOSH LAW FIRM, P.C.

                                            s/Joel M. Bondurant, Jr.
                                            JOEL M. BONDURANT, JR.
                                            Attorney for Petitioner, NC Bar No. 29621
                                            P.O. Box 2270
                                            Davidson, NC 28036-2270
                                            Phone (704) 892-1699 Fax (704) 892-8664
                                            joel@mcintoshlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified below, I electronically filed the attached MOTION TO HAVE RESPONDENT'S MOTION TO DISMISS DECLARED MOOT with the Clerk of Court using the CM/ECF System, and that said Motion shall therefore be electronically served via NEF through the Court's system:

Stacy B. Cordes
Attorney for Respondent
122 Cherokee Road, Suite 1
Charlotte North Carolina 28207

This the 9th day of May, 2019.

                                            s/Joel M. Bondurant, Jr.
                                            Attorney for Petitioner