UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| RACHAN DAMIDI REDDY, | ) |
| | ) |
| *Petitioner*, | ) Civil Action No. 3:18-cv-172 |
| | ) |
| v. | ) |
| | ) |
| RASHID A. BUTTAR, | ) |
| | ) |
| *Respondent*. | ) |

## AMENDED PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioner, Rachan Damidi Reddy, by and through his attorneys, the McIntosh Law Firm, respectfully alleges and states his Amended Petition against Respondent, Rashid A. Buttar, as follows:

## INTRODUCTION

1. This is an action for recognition and enforcement of a foreign arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.A. 6997, 330 U.N.T.S. 3 (the "New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201 *et seq*. The arbitral award was rendered in favor of Petitioner and against Respondent on April 10, 2015 by an arbitral tribunal seated in Singapore.

2. The New York Convention, at Article 3, obligates each contracting state to "recognize [foreign] arbitral awards as binding and enforce them in accordance with local procedural law. The United States recognizes and enforces "only those awards made in the territory of another Contracting State." 21 U.S.T. at 2566. The arbitral award rendered in favor Petitioner was made in Singapore, which is a party to the New York Convention, and thus the award is eligible for enforcement here. Petitioner seeks confirmation and enforcement of the arbitral award.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 9 U.S.C. § 203, 28 U.S.C. §§ 1330 & 1331, and § 1332.

4. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203 because this is an action to confirm arbitration award issued under the New York Convention.[1] Diversity jurisdiction also applies to the parties to this lawsuit.

5. This Court has personal jurisdiction over Respondent for the reasons outlined in Petitioner's previous filings and arguments made in opposition to Respondent's Motion to Dismiss. Petitioner incorporates the facts and evidence submitted in opposing Respondent's Motion to Dismiss herein.

6. Venue is proper in this Court.

7. This Petition is timely, as the SIAC issued its award on April 10, 2015. 9 U.S.C. §207 provides that recognition and enforcement of foreign arbitral awards must be made within three years of the date of the award. That requirement is satisfied here.

## THE PARTIES

8. Petitioner is a citizen and resident of Ho Chi Minh City, Vietnam.

9. On information and belief, Respondent is currently a citizen and resident of New Zealand and was previously a citizen and resident of Mecklenburg County, North Carolina.

## AGREEMENT TO ARBITRATE

10. On June 21, 2010, the Parties entered into a Share Sale and Purchase Agreement related to the shares of certain entities, as defined in the Agreement. A properly authenticated copy of the Agreement is being filed contemporaneously with this Petition via the Court's ECF system. The original of the authenticated Agreement remains in counsel's possession, to be handled in any manner the Court may instruct.

11. Paragraph 8(b) of the Share Sale and Purchase Agreement expressly states that "[a]ny dispute arising out of or in connection with this contract … shall be referred and finally resolved by arbitration in Singapore in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC Rules") ….."

## ARBITRATION AWARD

12. When disputes arose between the Parties with respect to the subject entities, the Parties arbitrated those disputes before SIAC, as required by the Share Sale and Purchase Agreement.

---

[1] "An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States … shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

13. On April 10, 2015, SIAC handed down its Final Award. It found in favor Petitioner. In relevant part, SIAC awarded as follows: "The Respondent is ordered to repay in full to [Petitioner] the monies previously paid to [Respondent] by the [Petitioner] amounting to US $1,550,000.00." See Award ¶ 64(b). The award was to bear interest at the rate of 5.33 percent per annum from the date of commencement of the Arbitration to the date of the Award. See Award ¶ 64(c). SIAC further awarded Petitioner $381,479.34 in legal fees and disbursements, $26,550.68 in expert witness fees, $7,231.96 in other miscellaneous expenses, and costs of the arbitration totaling $79,439.80. A properly authenticated copy of the Award is being filed contemporaneously with this Petition via the Court's ECF system. The original of the authenticated Award remains in counsel's possession, to be handled in any manner the Court may instruct.

WHEREFORE, Petitioner respectfully requests that this Court, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201 et seq., enter an Order:

1. Confirming the aforementioned Award and granting judgment in favor of Petitioner and against Respondent in the cumulative total of the following amounts: $1,550,000.00 as repayment of monies previously paid from Petitioner to Respondent, plus interest at the rate of 5.33 percent per annum from the date of commencement of the Arbitration to the date of the Award; $381,479.34 in legal fees and disbursements; $26,550.68 in expert witness fees; $7,231.96 in other miscellaneous expenses, and costs of the arbitration totaling $79,439.80.

2. Awarding Petitioner pre-judgment interest at the statutory rate from the date of the Award to the date of entry of judgment.

3. Awarding Petitioner post-judgment interest at the statutory rate from the date of entry of judgment to the date the judgment is satisfied in full.

4. Awarding Petitioner his costs and attorneys' fees in this proceeding.

5. Awarding Petitioner such other relief as the Court considers just and proper, including, as appropriate, the posting of security.

This the 18th day of July, 2019.

THE McINTOSH LAW FIRM, P.C.
s/Joel M. Bondurant, Jr.
JOEL M. BONDURANT, JR.
Attorney for Petitioner,
NC Bar No. 29621
P.O. Box 2270 Davidson, NC 28036-2270
Phone (704) 892-1699
Fax (704) 892-8664
joel@mcintoshlawfirm.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on the date specified below, I electronically filed the attached Amended Petition with the Clerk of Court using the CM/ECF System, and that said Amended Petition shall therefore be electronically served on Respondent via NEF to his counsel through the Court's system at the email address Respondent's counsel has registered in that system. Respondent's counsel's information is as follows:

Stacy B. Cordes
Attorney for Respondent
122 Cherokee Road, Suite 1
Charlotte North Carolina 28207

   This the 18th day of July, 2019.

                     s/Joel M. Bondurant, Jr.