# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| RACHAN DAMIDI REDDY, | )
|     *Petitioner*, | ) Civil Action No. 3:18-cv-00172
| v. | )
| RASHID A. BUTTAR, | )
|     *Respondent*. | ) |

## REPLY TO RESPONSE RE SUMMARY JUDGMENT MOTION

### INTRODUCTION

Respondent's Response to Motion for Summary Judgment (Doc. 73) and his Memorandum in Support of that Response (Doc. 74) (collectively "Response") make plain that the Court should grant the Petitioner's Summary Judgment Motion. Doc. 71. The Response attempts to invoke two of the statutory grounds for the Court to deny recognition of the subject foreign arbitral award – Article V(1)(a) of the Convention, which allows a court to refuse recognition of an award where the arbitration agreement "is not valid under the law to which the parties have subjected it," and Article V(2)(b), which states that a court may refuse recognition of an award if doing so "would be contrary to the public policy of that country." Aside from the fact that Respondent has never pled either of these two affirmative defenses, it is plain that neither applies.

### DISCUSSION

**I. Article V(1)(a) cannot and does not apply for several reasons.**

Article V(1)(a) does not apply for several reasons. In fact, given Respondent's sole factual contention that he did not sign the subject agreement, Article V(1)(a) *cannot even possibly apply*.

That provision allows a court to refuse recognition and enforcement of an award where the arbitration agreement "is not valid under the law to which the parties have subjected it." But Respondent claims that he never signed the contract with the arbitration agreement. The parties cannot be said to have subjected the agreement to the law of any particular country if there was no agreement. It is apparent that this provision is meant to apply to an entirely different factual scenario whereby the parties subject the agreement to the law of some jurisdiction that does not permit arbitration of certain types of disputes. *See, e.g., Southland Corp. v. Keating*, 465 U.S. 1, 4-5 (1984) (challenging the agreement to arbitrate as void under California law insofar as it purported to cover claims brought under the state Franchise Investment Law, which California law precludes from being arbitrated).

Article V(1)(a) does not allow a court sitting in secondary jurisdiction to conduct a general inquiry into the validity of the arbitration award or the validity of the contract containing the arbitration provision. As noted in Petitioner's initial Memorandum in Support of his Motion for Summary Judgment, no such provision exists in the context of foreign arbitral awards. As the federal district court in D.C. observed in a recent case:

> a challenge brought under Article V(1)(a) must be brought against the agreement to arbitrate, not against the contract as a whole. See Restatement (Third) of Int'l Comm. Arb. § 4–12 cmt. e. (Draft No. 3, 2011) (Under Article V(1)(a), "courts do not review the arbitral tribunal's rulings on challenges to the validity of the contract as a whole, such as a claim that a contract including an arbitration clause was fraudulently induced or is illegal."); *see also Nanosolutions, LLC v. Prajza*, 793 F.Supp.2d 46, 54–55 (D.D.C.2011) ("[T]he FAA prohibits a district court from considering ... challenges [to] the contract as a whole.").
>
> *BCB Holdings Ltd. v. Gov't of Belize*, 232 F.Supp.3d 28, 47 (D. D.C. 2017)

Respondent's argument here is addressed to the validity of the contract as a whole. This approach misses the mark entirely. His effort to invoke Article V(1)(a) this late in the game is

Page 2 of 6
3:18-cv-00172
Reply to Response re Summary Judgment

Case 3:18-cv-00172-FDW-DSC   Document 75   Filed 03/19/20   Page 2 of 6

nothing more than an effort to take a general ground for vacating the award (e.g., procurement by fraud) and pigeonhole it into one of the statutory grounds for denying recognition.

Furthermore, even if Article V(1)(a) could apply, Respondent has not identified or discussed the relevant law from Singapore and how that law renders the arbitration agreement itself invalid. Without doing so, Respondent cannot invoke Article V(1)(a). *BCB Holdings*, 232 F.Supp.3d at 48 ("the GOB has not provided any proof to the Court that the provision in which the parties agreed to arbitrate is invalid under Belizean law, so the GOB's challenge under Article V(1)(a) fails.).

Respondent has also failed to produce or forecast any evidence that would establish as a factual matter that the arbitration agreement is invalid under any law, whatever law he may contend is applicable. All Respondent has done is denied that he signed the Agreement. He has alleged the existence of a separate agreement providing for arbitration in the Philippines but he has not produced even a draft of an agreement containing such a provision, much less an executed final agreement. Indeed, *he has not even looked* for such an agreement. Exh. B to Summary Judgment Memorandum (Buttar Depo. pp. 35:17 – 36:14). As the Fourth Circuit has recently stated:

> Although we view all the underlying facts and inferences in the record in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." Consequently, summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of her position.

*Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (internal citations omitted). And Respondent's burden of establishing a statutory defense to recognition of a foreign arbitral award "is a heavy one, as the showing required to avoid summary confirmance is high." *Encyclopaedia Universalis v. Encyclopaedia Brit.*, 403 F.3d 85, 90 (2nd Cir. 2005). Here,

even assuming that Respondent could invoke Article V(1)(a), he has not produced any evidence that would allow him to meet his burden of proving the applicability of that provision.

## II. Article V(2)(b) does not apply.

Respondent's effort to invoke Article V(2)(b) also must fail. That provision allows a court to refuse recognition and enforcement of an arbitration award where doing so "would be contrary to the public policy of that country." Respondent's Response offers no explanation of how or why Respondent thinks the public policy provision precludes recognition or enforcement of the subject award. And perhaps for good reason. As the Eleventh Circuit has recently observed:

> "[T]he public-policy defense under the Convention is very narrow" and is likewise to be construed narrowly in light of the presumption favoring enforcement of international arbitral awards. The defense applies to only violations of an "explicit public policy" that is "well-defined and dominant" and is ascertained "by reference to the laws and legal precedents and not from general considerations of supposed public interests."
>
> Moreover, the public-policy defense "applies only when confirmation or enforcement of a foreign arbitration award would violate the forum state's most basic notions of morality and justice." Consequently, "[a]lthough this defense is frequently raised, it 'has rarely been successful.' "

*Cvoro v. Carnival Corp.*, 941 F.3d 487, 496 (11th Cir. 2019) (internal citations omitted).

All Petitioner is asking the court to do here is to enforce and apply the law established by the legislature (i.e., Congress) with respect to foreign arbitral awards. If Congress wanted to permit wholesale challenges to the validity of foreign arbitral awards in implementing the Convention, it presumably could have quite easily done so. Instead, Congress chose to implement the following policy considerations:

> [T]he United States has a "federal policy in favor of arbitral dispute resolution" which "applies with special force in the field of international commerce." *Mitsubishi Motors*, 473 U.S. at 631, 105 S. Ct. at 3356. … "[t]he Supreme Court has rejected the 'concept that all disputes must be resolved under our laws and in our courts,' even when remedies under foreign law do not comport with American

3:18-cv-00172
Reply to Response re Summary Judgment

standards of justice." The Supreme Court has admonished: "To determine that 'American standards of fairness' ... must [apply] ... demeans the standards of justice elsewhere in the world, and unnecessarily exalts the primacy of United States law over the laws of other countries."

*Cvoro v. Carnival Corp.*, 941 F.3d 487, 499 (11th Cir. 2019) (internal citations omitted).

In short, the public policy balance in the realm of international commercial arbitrations requires due respect for the policy favoring arbitration and recognition of the sovereignty of the other signatories to the Convention, who may well be the country of primary jurisdiction and thus "of paramount importance" in any particular dispute. There is no basis for concluding (or really even arguing) that recognition and enforcement of the subject arbitral award would violate public policy – indeed, it would violate the congressionally mandated public policy *not* to recognize and enforce it.

For all of the forgoing reasons, as well as those set out more fully in Petitioner's Motion for Summary Judgment and Memorandum in Support, Petitioner submits that the Court should grant the summary judgment motion.

This the 19th day of March, 2020.

                                              THE McINTOSH LAW FIRM, P.C.

                                              s/Joel M. Bondurant, Jr.
                                              JOEL M. BONDURANT, JR.
                                              Attorney for Petitioner, NC Bar No. 29621
                                              P.O. Box 2270
                                              Davidson, NC 28036-2270
                                              Phone (704) 892-1699 Fax (704) 892-8664
                                              joel@mcintoshlawfirm.com

## CERTICATE OF COMPLIANCE

The undersigned hereby certifies that this Memorandum complies with the formatting requirements of the Local Rules and this Court's Order(s) with respect to page limits, fonts, spacing, word count and other applicable requirements. The "word count" tool on the undersigned's word processing program indicates that the word count for this Memorandum is one thousand four hundred and fifty-nine (1,459), exclusive of the caption, table of contents, table of authorities and certifications by counsel, but inclusive of headings and footnotes.

This the 19th day of March, 2020.

                                                          s/Joel M. Bondurant, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on the date specified below, I electronically filed the attached Memorandum in Support of Summary Judgment with the Clerk of Court using the CM/ECF System, and that said Memorandum shall therefore be electronically served on Respondent via NEF to his counsel through the Court's system at the email address Respondent's counsel has registered in that system. Respondent's counsel's information is as follows:

Stacy B. Cordes
Attorney for Respondent
122 Cherokee Road, Suite 1
Charlotte North Carolina 28207

This the 19th day of March, 2020.

                                                          s/Joel M. Bondurant, Jr.